HARRY J. R. RUHLE ET AL., PROSECUTORS-APPELLANTS, v. EDWIN C. CAFFREY, JUDGE OF THE BERGEN COUNTY CIRCUIT COURT, RESPONDENT-APPELLEE.

Argued May 16, 1935—Decided October 9, 1935.

For the prosecutors-appellants, *Charles Fishberg.*

For the respondent-appellee, *Abram A. Lebson.*

The opinion of the court was delivered by

BODINE, J. The Supreme Court affirmed an order entered at the circuit dismissing the appeals of landowners from assessments made by the borough of Tenafly. The basis of the Supreme Court's decision was that the notices of appeal required by law were not personally served upon the tax collector. It appears on the record before us that the notices were served within the time required by law. The notices were served upon the tax collector's wife, who was in charge of his office, and she later in the day handed them to her husband. Therefore, there was timely service on the collector. Assuming for the present that the language of the statute (*Pamph. L.* 1933, *p.* 904) contemplates actual personal service, there is no provision that service shall be made by any particular person. Section 42 of article XX of the Home Rule act, as amended by *Pamph. L.* 1933, *p.* 904.

A somewhat similar question was before this court in *Wilson* v. *Trenton,* 53 *N. J. L.* 645. Mr. Justice Magie,

later chancellor, said: "Personal service, within the meaning of such acts, is to be distinguished, on one hand, from what may be called official service, such as the personal service of a summons in an action at law, which is required to be made by the officer on the defendant in person; and, on the other hand, from substituted or constructive service, which is such as by law conclusively results from the performance of certain prescribed acts, such as publication, posting and the like. The service required by this and similar statutes need not be made by any official or in a particular mode; if the required notice is conveyed to the person to be affected thereby, it is sufficient."

Notices also within time were handed to the stenographer in charge of the office of the borough clerk and were by her presently handed to that official.

It is not necessary to deal with the broader question whether the statute requiring service "upon the tax collector" and upon "the clerk of the governing body" should be construed as recognizing service at the office of those officials in their absence.

The judgments are reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, HETFIELD, DEAR, JJ. 10.